IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Kurtis Rooks, individually and on behalf of all others similarly situated,** § § § | | |
| Plaintiff, § | | |
| v. § | Civil Action No. 4:21-cv-03665 | |
| **Refinery Specialties, Incorporated,** § § | COLLECTIVE ACTION | |
| Defendant. § § § | DEMAND FOR JURY TRIAL | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Kurtis Rooks ("Rooks"), individually and on behalf of all others similarly situated, files this Complaint against Defendant Refinery Specialties, Incorporated ("RSI"), showing in support as follows:

### I.    NATURE OF ACTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Rooks time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant for the period of time beginning three years prior to the filing of this lawsuit and forward.

2. Pursuant to 29 U.S.C. § 216(b), Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees who worked for Defendant as salary technicians and related manual labor positions on a salary basis who, like Plaintiff, were not paid time and one-half their respective rates of pay for all hours

1

worked over 40 in each seven-day workweek for the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. THE PARTIES

### A. Plaintiff Kurtis Rooks

4. Plaintiff Rooks is an individual residing in Medina County, Texas. Plaintiff has standing to file this lawsuit.

5. Defendant employed Rooks from in or about May 2018 through in or about August 2021 as a service technician.

6. At material times, Rooks was paid a salary. Rooks typically worked up to 90 hours per week; however, Defendant did not pay him any overtime premium wages because Defendant misclassified him as an exempt employee.

7. Rooks' written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B. Putative Collective Action Members

8. The putative Collective Action Members are:

> All current and former non-exempt employees who work/worked for Defendant as service technicians and as other related manual labor positions who did not receive time and one-half their respective regular rates of pay for all hours worked in excess of 40 in each workweek from the period of time beginning three years prior to the filing of this lawsuit and forward.

9. Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

## C.     **Defendant Refinery Specialties, Incorporated**

10.     Defendant RSI is a corporation organized under the laws of the State of Texas.

11.     During all times relevant to this lawsuit, Defendant has done, and continues to do, business in the State of Texas.

12.     Defendant's principal place of business is located at 38106 FM 3346 Road, Hempstead, Texas, 77445 in Waller County.

13.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA. *See* 29 U.S.C. § 203(s)(1).

14.     At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

15.     Defendant is/was an employer of Plaintiff and the putative Collective Action Members. *See* 29 U.S.C. § 203(d).

16.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce. *See* 29 U.S.C. §§ 206-207. Examples of such goods and/or materials include: computers, paper, pens, telephones, and other supplies/materials used in connection with Defendant's business operations.

17.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume of at least $500,000.

18.     Defendant may be served with summons through its registered agent, Richard M. Forrest at 38106 Hwy 3346, Hempstead, Texas 77445.

### III.    JURISDICTION AND VENUE

19.    This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331.

20.    The United States District Court for the Southern District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged herein occurred in Texas and in this District.

21.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

### IV.    FACTUAL BACKGROUND

22.    Defendant RSI formulates, manufactures, and provides technical service for the use of process and production treating chemicals for the oilfield, industrial, and water industries, including production, pipeline, refinery, and gas plants. RSI provides its customers with chemicals to improve production yields and overall efficiencies of oil and gas wells in the conventional areas of the Austin Chalk as well as South and East Texas.

23.    RSI has expanded into the Eagle Ford, Arkansas, Louisiana, and the Permian Basin offering blended production chemical solutions, completion chemicals, pump down services, and related integrated services such as remedial pumping, stimulation and hot oiler services used during the completion phase of drilling onshore oil and gas wells in the United States.

24.    Defendant employs service technicians and other manual laborers like Plaintiff, who service chemical paints and pumps, set up new injections on new wells, and inventory all chemicals and paints.

25. Defendants misclassified Plaintiff as an exempt employee. Defendant paid Plaintiff a salary.

26. Plaintiff frequently worked over 40 hours in a workweek for Defendant.

27. Defendant failed to pay Plaintiff overtime premium pay at the rate of time and one-half his regular rate of pay for all hours over 40.

28. During times relevant, Defendants employed numerous non-exempt service technicians in connection with their business who are/were similarly situated to Plaintiff. Those employees were also paid on a salary. Those employees also routinely worked in excess of 40 hours in a workweek. Defendant similarly failed to compensate those employees all due and owing overtime pay.

## V. FLSA CLAIMS

29. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A. FLSA Allegations

30. The FLSA applied to Plaintiff and the putative Collective Action Members when they worked for Defendant.

31. At all relevant times, Plaintiff was misclassified as an exempt employee of Defendant, and Plaintiff and the putative Collective Action Members were non-exempt employees of Defendant pursuant to the FLSA.

32. During the relevant time period, Plaintiff and the putative Collective Action Members did not receive all overtime premium pay they were owed when they worked over forty hours in a workweek.

33. With respect to Plaintiff, Defendant did not pay him any overtime premium pay for hours worked over forty because it misclassified him as an exempt employee.

34. This failure of Defendant to pay overtime premium pay to their employees was a violation of the FLSA. *See* 29 U.S.C. § 207(a)(1).

**B.     Collective Action Allegations**

35. Plaintiff seeks to bring his claims under the FLSA individually and on behalf of all current and former non-exempt service technicians nationwide who work/worked for Defendant in connection with their business operations who did not receive time and one-half their respective regular rates of pay for all hours worked in excess of 40 in each workweek from the period of time beginning three years prior to the filing of this lawsuit and forward. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

36. On information and belief, the class of putative Collective Action Members consists of in excess of 50 individuals who had the same job title and duties as Plaintiff.

37. Plaintiff has actual knowledge that putative Collective Action Members have been denied overtime premium pay for all hours worked over 40 in a workweek. Plaintiff worked with other service technicians who were employed by Defendant. This resulted in personal knowledge of the treatment of those co-workers. Furthermore, other service technicians have shared with Plaintiff that they experienced similar pay violations as those described in this Complaint.

38. The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked as service technicians while being paid on a salary basis without receiving all due and owing overtime wages for all hours worked over 40 in a workweek.

39. The putative Collective Action Members regularly work or have worked in excess of 40 hours in a workweek.

40. Defendant's failure to pay all due and owing overtime wages for hours worked over 40 in a workweek results from generally applicable policies or practices, and does not depend on the personal circumstances of any of the putative Collective Action Members.

41. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

42. Although the exact amount of damages may vary among the putative Collective Action Members, the damages owed to them are easily calculable using a simple formula uniformly applicable to all of them.

43. Plaintiff proposes that the class of putative Collective Action Members be defined as:

> All nationwide current and former salary-paid non-exempt employees who work/worked for Defendant as service technicians who did not receive time and one-half their respective regular rates of pay for all hours worked in excess of 40 in each workweek from the period of time beginning three years prior to the filing of this lawsuit and forward.

44. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

45. Plaintiff further reserves the right to amend the definition of the putative class, or sub-classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI.   CAUSES OF ACTION

**A.   Violation of the FLSA: Misclassification as Exempt Employee and Failure to Pay Overtime Premium Pay. 29 U.S.C. § 207(a)(1).**

46. Defendant's conduct, as alleged, violated the FLSA.

47. Plaintiff was an employee of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

48. Defendant bears the burden of demonstrating that Plaintiff was an exempt employee. *See Hobbs v. EVO Inc.*, 7 F.4th 241, 248 (5th Cir. 2021) ("[T]he burden of establishing an exemption remains with the employer, who must do so by a preponderance of the evidence." (citing *Adams v. All Coast, L.L.C.*, 988 F.3d 203, 206 (5th Cir. 2021))).

49. Defendant was required to pay Plaintiff overtime wages at the rate of one and one-half times his regular rate of pay for all hours worked over 40 in a workweek. 29 U.S.C. § 207(a)(1).

50. Defendant failed to pay Plaintiff overtime wages at the rate of one and one-half times his regular rate of pay for all hours worked over 40 in a workweek.

51. Defendant's conduct was willful and done to avoid paying overtime wages. 29 U.S.C. § 255(a). Therefore, Plaintiff is entitled to recover damages based on the FLSA's extended three (3) year statutory limitations period. *Id.*

52. Plaintiff seeks all damages to which he is entitled under the FLSA on the bases of Defendant's willful failure to pay overtime premium pay, including back overtime wages, liquidated damages, attorneys' fees, costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

## VII.   JURY DEMAND

53. Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which he and the putative Collective Action Members have a right to jury trial.

## VIII.   DAMAGES AND PRAYER

54. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a. An order certifying this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b), and requiring notice to be issued to all putative Collective Action Members;

b. An award of damages, including all unpaid overtime wages, any other back pay available pursuant to the FLSA, liquidated damages, and restitution;

c. Costs of action incurred herein, including expert fees;

d. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

e. Post-judgment interest; and

f. Such other relief as the Court may deem just and proper.

Dated: November 8, 2021

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: /s/ Ricardo J. Prieto
Ricardo J. Prieto
Texas Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
Texas Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE COLLECTIVE ACTION MEMBERS